UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AIRLINES FLOW-THRU PILOTS COALITION, et al., <br><br>Plaintiffs, <br><br>v. <br><br>ALLIED PILOTS ASSOCIATION, <br><br>Defendant. | Case No. 18-cv-03682-RS <br><br>**ORDER GRANTING MOTION TO DISMISS** |

The parties are familiar with the factual background and procedural history of this case and an earlier companion case, *American Airlines Flow-Thru Pilots Coalition, et al. v. Allied Pilots Association, et al*., N.D. Cal. Case No. 3:15-cv-03125-RS, which the parties refer to as *Cordes I*, and it will not be recounted in detail here. Like *Cordes I*, this case involves APA's negotiation of length of service ("LOS") credit for pilots who had been furloughed after September 11, 2001. *Cordes I* arose from an agreement providing up to two years of LOS credit –referred to as "Letter G." This case, in turn, arises from a later agreement providing credit for the remainder of the time pilots may have spent on furlough—the so-called "2018 LOS Letter."

The parties are the same in the two cases. APA is the certified representative of pilots flying for former defendant American Airlines, Inc. The five individual plaintiffs are pilots who originally worked at American Eagle, and obtained their positions at American pursuant to the so-called "Flow-Through Agreement." The entity plaintiff is an association of such pilots, who are sometimes known as "Flow-Through Pilots" or "FTPs." Letter G, the subject of *Cordes I*, was part

of a collective bargaining agreement between APA and American ratified in January of 2015. Letter G gave two additional years of LOS credit for pilots on furlough because of lack of work at American after September 11, 2001. Letter G did not provide LOS credit to FTPs, who do not contend they were ever furloughed from American or American Eagle, but who argue they were in a substantially similar position as other pilots who did receive the credits.

Three years later, APA and American agreed to the 2018 LOS Letter, which is attached to the complaint in this action. The letter provided additional LOS credit for "[a]ll American Airlines Pilots . . . furloughed after September 11, 2001 . . . for pay and vacation accrual," subject to various conditions. As under Letter G, the FTPs did not receive the LOS credit. The 2018 LOS Letter, however, did also amend the Joint Collective Bargaining Agreement between APA and American to provide that all American pilots, including FTPs, gained a right to accrue LOS credit during any *future* furloughs.

From the outset of the litigation in *Cordes I*, APA argued plaintiffs could not establish the requisite "causation." APA insisted plaintiffs would have to be able to show that American would have agreed to extend LOS credits to the FTPs had APA bargained for it. Although an early summary judgment motion was denied as to that particular issue, summary judgment ultimately was granted on grounds that plaintiffs had not "point[ed] to sufficient evidence from which a reasonable jury could conclude that American would have agreed to provide the FTPs with up to two years LOS credit if [APA] had proposed it in the Letter G negotiations." *See Cordes I*, Dkt. No. 241.

APA now moves to dismiss the complaint in this action. As to the first claim for relief, APA asserts the allegations made to support causation are not meaningfully distinguishable from the evidence or the offer of proof plaintiffs submitted in *Cordes I*. Plaintiffs do not argue otherwise, nor do they contend it would be procedurally improper or otherwise unfair to grant a motion to dismiss in this action based on the rationale of the summary judgment ruling in *Cordes I*. Indeed, plaintiffs represented they believe it to serve judicial efficiency and in the interest of avoiding potentially conflicting rulings to have an appeal of an adverse decision in this action

consolidated with the appeal they are pursuing in *Cordes I. See* Dkt. No. 52.

Plaintiffs do offer a strenuous argument that *Cordes I* was wrongly decided. Perhaps because the briefing is being presented by different counsel, there are some new wrinkles or emphases to their position. Nevertheless, plaintiffs have not shown grounds on which their first claim for relief could proceed absent a rejection of the *Cordes I* holdings. Accordingly, the first claim for relief must be dismissed. Plaintiffs do not suggest any amendments could save the claim, so no leave to amend will be granted, Plaintiffs' remedies, if any, lie on appeal.[1]

Plaintiffs' second claim for relief in this action, for an alleged violation of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 412, ("LMRDA") is not implicated by the *Cordes I* decision. It nonetheless fails for failure to state a claim. Plaintiffs allege APA "negotiated and agreed to the terms of the 2018 LOS Letter and excluding FTPs from the length of service credits and benefits provided in the 2018 LOS Letter in retaliation for Plaintiffs' exercise of their legal right to bring lawsuits . . . ." The conclusory claim of "retaliation" is not plausible, as the other facts alleged clearly demonstrate that APA's position and conduct in negotiating the 2018 LOS Letter was merely a continuation of the positions it took with respect to Letter G, before plaintiffs had ever filed suit. It is also notable that the 2018 LOS Letter actually extended potential *future* benefits to FTPs. Again, plaintiffs have not suggested leave to amend could cure the defects, and none will be granted.  The motion to dismiss is granted. A separate judgment will issue.

---

[1] APA's argument that the complaint was not timely served would not support a dismissal with prejudice. Nor is it necessary to reach any of its alternative challenges to the sufficiency of the allegations.

**IT IS SO ORDERED**.

Dated: January 21, 2022

RICHARD SEEBORG
Chief United States District Judge